Curia, per Evans, J. —
There is no doubt that the. owner .of land may dispose of it as he pleases. Be may lay out a road, and dedicate it to the public; and if those who have the supervision of roads, by any act signifying their acceptance, receive it, either as a new road or a substitute for another, it will become a public highway. So also if, without any formal act of acceptance, the road be opened, and the public use it, it will then become a highway. The same principles apply to streets laid off in a town. If one, owning a square in the town of Columbia, should open a new street or passage through it, from one street to another, this, if the intention be clear, would be a dedication to the public, and, if the town council signify their acceptance, or the public use it as a street, it would-be regarded in law as a public street, shall be evidence of dedication or acceptance, or what ^Y the public shall amount to acceptance, are questions which have been much discussed elsewhere, but we do not consider them necessary to be discussed in this case.
But it is very clear, fiom the authorities, that without some act of acceptance, or some use by the public, the owner of the land cannot create a street in a town, or. a public road in the country. The reason is very clear. The opening and repairing of streets and roads impose an expense on the public, and subject the authorities, whose duty it is-to repair, to indictment for neglect of duty. Now this charge and liability can only be imposed by law, but if the simple act of dedication could impose them, then they would be imposed not by law, but by the will of any individual who, from motives of patriotism, convenience or gain, might lay off his land into town lots and streets, or lay out a highway through his land. All the cases, both English and American, sustain these positions. It seemed to the counsel for the defendant that the *219 English cases did not require that there should be any accept-anee, and that it was so held in the case of Rex v. The habitants of Leake. I have looked into that case, and it decides only that where a road had been established by use as a public road, the parish was bound to repair, without any act of adoption. The use by the public was the same as the adoption by the parish.
In this case the proof is very clear that Poole intended to dedicate the streets in his intended town to the use of the public — and, so far as he could, there was a dedication to the public. But there is not the slightest evidence that the Town Council of Spartanburg ever accepted of the dedication, or that the streets had ever been opened or used by the public, and I cannot agree with the instruction of the Circuit Court, that in the “ absence of repudiation by public authority, the assertion of the public right on the part of the State by the proper officer was enough.” This assertion on the part of the Solicitor is nothing more than that he had given out a bill of indictment on the information of one of the lot holders within the intended town. This does not by any means establish acceptance by the town council, or user by the public, one or the other of which I should suppose was essential to the perfection of the dedication. The motion for a new trial must therefore be granted, and it is so ordered.
Wardlaw, Frost and Withers, JJ., concurred.

Motion for new trial granted.